[No. B122062. Second Dist., Div. Four. Nov. 19, 1998.]

In re JEANETTE V., a Person Coming Under the Juvenile Court Law.
LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND
FAMILY SERVICES, Plaintiff and Respondent, v.
JERRY V., Defendant and Appellant.

**COUNSEL**

Andrea R. St. Julian, under appointment by the Court of Appeal, for Defendant and Appellant.

Lloyd W. Pellman, County Counsel; Auxiliary Legal Services, Lois Timnick and Wayne H. Song for Plaintiff and Respondent.

## OPINION

### VOGEL (C. S.), P. J.—

#### INTRODUCTION

Appellant Jerry V. (appellant), the father of the dependent child Jeanette V., appeals from an order made pursuant to Welfare and Institutions Code section 366.26 which terminated appellant's parental rights so as to free the child for adoption.[1] Appellant contends the trial court denied him due process by admitting social worker reports into evidence without making the social workers available for cross-examination. Finding no merit to this contention, we affirm.

#### FACTUAL AND PROCEDURAL BACKGROUND

Jeanette was born July 24, 1994, with drug toxicology from her mother's drug abuse. At the dependency jurisdictional hearing of February 15, 1995, the court found true that both parents had a history of substance abuse which rendered them unable to care for the child. (The mother (Mother) is not a party to this appeal.)

At the six-month review of August 16, 1995, and the twelve-month review of February 14, 1996, the court found that both parents failed to comply with the case plan.

The next hearing, pursuant to section 366.22, was continued several times and was eventually held October 3, 1997. An interim report for February 21, 1997, stated, "[T]here has been no change in parents' contact with the Department and visitation with minor Jeanette. Minor has had no contact from either biological parent since 02/96." The report prepared for the October 3, 1997, hearing noted, "[P]arents have failed to remain in contact with the Department and have failed to respond to parent contact letters. There has been no visitation with minor Jeanette [during] this period of supervision. Minor has had no contact from either biological parent since 02/96."

At the contested section 366.22 hearing of October 3, 1997, the court made the necessary findings that: return of the child to the parents' custody

---

[1]All further statutory references are to the Welfare and Institutions Code.

would be detrimental, there existed no reasonable probability of return within six months, the parents had not complied with the case plan, and reasonable reunification services were offered but were unsuccessful. Accordingly, the court, pursuant to section 366.22, subdivision (a), terminated family reunification services and ordered that a hearing be held pursuant to section 366.26 to develop a permanent plan for the child.

The section 366.26 hearing was originally scheduled for January 30, 1998. The social worker report prepared for that hearing stated, "Since the placement of Jeanette on 08/07/95, birth mother and father has [*sic*] visited minor a few times. There has been no visitation with minor last year [i.e., 1997]. There has been no telephone contact or letters sent to the minor. During the time both parents['] whereabouts were unknown, CSW issued paternal relative Joann A[.] and sibling Noemi S[.] with address and telephone number to assure contin[u]ous contact with the minor. Parents have contacted minor Noemi S[.] frequently but have failed to have any contin[u]ous contact with minor Jeanette."

The hearing scheduled for January 30, 1998, was continued to May 5, 1998, because appellant was in prison. Appellant wrote to the department of children's services on January 8, 1998, from Ironwood State Prison in Blythe, California, that, "I do not wish to loose [*sic*] reunification rights of Jeanette . . . . I am presently incarcerated in the Dept. of Corrections with a tentative release date of July 13, 1998. [I] am requesting . . . information on what options I may have . . . especially the possibility of a postponement . . . ."

On February 20, 1998, appellant returned a form "notice to . . . incarcerated parent," stating that he did not wish to attend the hearing but wished to inform the court, "I do not want to loss [*sic*] my parental rights and would like to have a hearing after my release date," which was expected to be July 13, 1998.

The social worker report prepared for the May 5, 1998, hearing recommended adoption as the permanent plan, reporting that Jeanette's foster parents desired to adopt her. It stated that Jeanette had been residing with the foster parents since March 21, 1997, and "[f]oster parents stated that there has been no contact from birth father since Jeanette was placed in their home."

At the May 5, 1998, hearing, *Mother's* counsel requested a contested hearing. The court, Mother's counsel, and the department's counsel discussed the following legal background, which applies equally to appellant:

section 366.26, subdivision (c)(1), provides that if the court finds the minor is likely to be adopted (which the court did), the prior finding at a section 366.22 hearing that the minor cannot be returned to the parent is a sufficient basis for terminating parental rights, *"unless the court finds that termination would be detrimental to the minor due to one of the following circumstances:* [¶] *(A)* The parents or guardians have maintained regular visitation and contact with the minor and the minor would benefit from continuing the relationship. . . ."* (Italics added.) In light of *Mother's* failure to visit Jeanette between July 1994 and March 1998, the department's counsel argued that Mother could not possibly establish the "maintained regular visitation" element. In addition, the court inquired of Mother's counsel what evidence she could offer concerning the "benefit" element (see *In re Autumn H.* (1994) 27 Cal.App.4th 567, 575 [32 Cal.Rptr.2d 535]); Mother's counsel offered only that during the belated recent visits the minor referred to Mother as "Mommy" and ran to her. The court concluded no purpose would be served by a contested hearing as to Mother.

This reasoning applied equally to appellant who, according to the January 30, 1998, and May 5, 1998, social worker reports, had not visited at all in 1997, and indeed, according to earlier social worker reports, had not visited or contacted the minor since at least February 1996.

At the May 5, 1998, hearing appellant's counsel advanced a variation on Mother's argument: appellant's counsel contended that the court should not receive into evidence the January 30, 1998, and May 5, 1998, social worker reports without an opportunity for appellant's counsel to cross-examine the authors concerning whether, and to what extent, appellant had visited the minor at some earlier time, which counsel contended was not adequately addressed in the reports. The court impliedly overruled counsel's objection, received into evidence the January 30, 1998, and May 5, 1998, reports, and terminated appellant's parental rights.

## DISCUSSION

■ Appellant contends he had a statutory or due process "right" at the section 366.26 hearing to cross-examine the authors of the social worker reports. Based upon this assumption, he contends the trial court committed evidentiary errors by receiving into evidence the social worker reports or by inquiring what might be proved by the proposed cross-examination. There is no merit to these contentions.

It is appropriate to reiterate the procedural stage of this case at the time of the hearing below. The jurisdictional hearing at which Jeanette was found to

be a dependent child within the jurisdiction of the juvenile court had been held in February 1995. After provision of reasonable reunification services which were unsuccessful because the parents failed to comply with the case plan, reunification services were terminated in October 1997. The court was then required by section 366.22 to order that a hearing be held pursuant to section 366.26 to develop a permanent plan for the minor. Having found that the child was likely to be adopted, the court was authorized by section 366.26, subdivision (c)(1) to terminate parental rights, subject only to four narrow exceptions listed in subdivision (c)(1)(A)-(D), only one of which was discussed below, subdivision (c)(1)(A): "The parents or guardians have maintained regular visitation and contact with the minor and the minor would benefit from continuing the relationship." The only potential issue for contest at the hearing was the exception in subdivision (c)(1)(A).

The *right* to cross-examination based upon statute and court rule applies only to the *jurisdictional* hearing. (§ 355, subds. (b)(2), (c), (d); Cal. Rules of Court, rule 1450(c); e.g., *In re Dolly D.* (1995) 41 Cal.App.4th 440, 444 [48 Cal.Rptr.2d 691]; *In re Amy M.* (1991) 232 Cal.App.3d 849, 864 [283 Cal.Rptr. 788].) "Although written reports prepared by a county welfare department are admissible at a jurisdictional hearing only where the preparer of the report is available for cross-examination[,] once jurisdiction over a minor has been established, the admissibility of such reports is no longer conditioned on the availability of the author for cross-examination (see *In re Corey A.* (1991) 227 Cal.App.3d 339 . . . ; §§ 366.21, subds. (e) & (f), 366.22, subd. (a))." (*Andrea L.* v. *Superior Court* (1998) 64 Cal.App.4th 1377, 1387, fn. 3 [75 Cal.Rptr.2d 851].) "The statutes clearly indicate legislative intent to treat the two phases of dependency proceedings differently. Under section 355, more stringent evidentiary requirements must be met at the jurisdictional hearing where the court initially intervenes and obtains jurisdiction over the child. At the subsequent dispositional phase, any relevant evidence including hearsay shall be admitted pursuant to section 358, subdivision (b) to help the court determine the child's best interests." (*In re Corey A.* (1991) 227 Cal.App.3d 339, 347 [277 Cal.Rptr. 782].) The reasoning of *Andrea L.* and *Corey A.*, applies equally to a hearing under section 366.26: the admissibility of social worker reports is not expressly conditioned upon availability of the author for cross-examination. (§ 366.26, subd. (b); Cal. Rules of Court, rule 1463(c), (d).)

Of course a parent has a right to "due process" at the hearing under section 366.26 which results in the actual termination of parental rights. This requires, in particular circumstances, a "meaningful opportunity to cross-examine and controvert the contents of the report." (*In re Malinda S.* (1990) 51 Cal.3d 368, 379 [272 Cal.Rptr. 787, 795 P.2d 1244]; see *In re Crystal J.*

(1993) 12 Cal.App.4th 407, 412-413 [15 Cal.Rptr.2d 613].) But due process is not synonymous with full-fledged cross-examination rights. (*In re Sade C.* (1996) 13 Cal.4th 952, 992 [55 Cal.Rptr.2d 771, 920 P.2d 716].) Due process is a flexible concept which depends upon the circumstances and a balancing of various factors. (*Id.* at pp. 986-991.) The due process right to present evidence is limited to relevant evidence of significant probative value to the issue before the court. (*People* v. *Marshall* (1996) 13 Cal.4th 799, 836 [55 Cal.Rptr.2d 347, 919 P.2d 1280]; *Maricela C.* v. *Superior Court* (1998) 66 Cal.App.4th 1138, 1147 [78 Cal.Rptr.2d 488].) Even where cross-examination is involved, the trial court may properly request an offer of proof if an entire line of cross-examination appears to the court to be irrelevant to the issue before the court. (*People* v. *Allen* (1986) 42 Cal.3d 1222, 1270 & fn. 31 [232 Cal.Rptr. 849, 729 P.2d 115]; *Maricela C.* v. *Superior Court, supra,* 66 Cal.App.4th 1138; Wegner et al., Cal. Practice Guide: Civil Trials and Evidence (The Rutter Group 1997) ¶ 8:3429, p. 8G-28.)

Here, the issue before the court was whether "[t]he parents or guardians have maintained regular visitation and contact with the minor *and* the minor would benefit from continuing the relationship." (§ 366.26, subd. (c)(1)(A), italics added.) Appellant's trial counsel could not deny appellant's failure to satisfy the "maintain regular visitation and contact" element, and could only suggest that cross-examination would reveal something about appellant's visitation during an unspecified earlier period. We conclude the trial court did not err in impliedly finding that in light of the statutory requirements and counsel's offer of proof, cross-examination of the social workers was not required as a matter of due process or a condition of admissibility of the reports. (See *Maricela C.* v. *Superior Court, supra,* 66 Cal.App.4th at pp. 1147-1148 [the mother's offers of proof concerning the quality of recent visits and her excuses for the infrequency of prior visits did not require setting a contested hearing with full cross-examination rights].)

### DISPOSITION

The order terminating appellant's parental rights is affirmed.

Epstein, J., and Curry, J., concurred.