18 Cal.Rptr.3d 74 (2004)
121 Cal.App.4th 1050
In re EARL L. et al., Persons Coming Under the Juvenile Court Law.
Los Angeles County Department of Children and Family Services, Plaintiff and Respondent,
v.
Nerissa H., et al., Defendants and Appellants.
No. B172287.
Court of Appeal, Second District, Division Four.
August 24, 2004.
*75 Anna L. Ollinger, Cathedral City, under appointment by the Court of Appeal, for Defendant and Appellant Nerissa H.
Mary Elizabeth Handy, under appointment by the Court of Appeal, for Defendant and Appellant Earl L., Sr.
Office of the County Counsel, Larry Cory, Assistant County Counsel, and Pamela Landeros, Deputy County Counsel, for Plaintiff and Respondent.
Certified For Partial Publication.[*]
EPSTEIN, Acting P.J.
Nerissa H. (Mother) and Earl L., Sr., (Father; collectively Parents) appeal from the order terminating their parental rights over Earl L. and Earllia L., which freed them for adoption.
Parents contend the juvenile court violated their rights to due process (U.S. Const., 14th Amend.) by requiring them to make an offer of proof before setting a contested hearing to determine whether the sibling exception (Welf. & Inst.Code, § 366.26, subd. (c)(1)(E))[1] applied. They also contend that setting Earl L. and Earllia L. free for adoption would be detrimental in light of their strong bond with two older half siblings, Jamesha T. and Jesse T.
Based on our review of the record and applicable law, we affirm the order. In particular, we conclude that the offer of proof procedure set forth in our earlier decision of In re Tamika T. (2002) 97 Cal.App.4th 1114, 118 Cal.Rptr.2d 873 applies to the sibling exception to termination of parental rights.

FACTUAL AND PROCEDURAL SUMMARY
Mother has five children. In descending order of age, they are Unesha L.; Jamesha T.; Jesse T.; Earl L.; and Earllia L. Jamesha T. and Jesse T. share the same father. Earl L. and Earllia L. also share the same father.
The Los Angeles County Department of Children and Family Services *76 (DCFS) filed a petition (§ 300) to detain Unesha L., Jamesha T., Jesse T., and Earl L.
On February 15, 2002, the juvenile court sustained a second amended petition and declared the children to be dependents.
A separate petition (§ 300) was filed by DCFS on behalf of Earllia L., who was born in early June 2002. The juvenile court sustained the petition, as amended, and declared her to be a dependent.
On September 18, 2002, Earllia L. was placed in the foster home of Betty G. Earl L., Jamesha T., and Jesse T., were already there. Unesha L. had been placed in another foster home.
At the May 9, 2003, hearing, the juvenile court terminated family reunification services and set the matter for a permanency plan hearing (§ 366.26). The court found Mother was not in compliance with the case plan and Father's compliance was only partial.
Betty G. informed DCFS that her intent was "absolutely [to] adopt Jesse [T.] and Jamesha [T.]," but her financial situation enabled her at that time only to adopt Earl L. and Earllia L. She explained her choice of legal guardianship for the other two siblings was based on advice that this plan would enable them to receive more educational benefits in light of their ages.
At the January 7, 2004 hearing, the juvenile court found a permanency plan of guardianship would be in the best interests of Jamesha T. and Jesse T. and appointed Betty G. their legal guardian.
Father, joined by Mother, opposed adoption as the permanency plan for Earl L. and Earllia L. and relied on the sibling exception. (§ 366.26, subd. (c)(1)(E)).
After finding the offer of proof was insufficient, the court denied Parents' request for a contested hearing. The court found Earl L. and Earllia L. were likely to be adopted and terminated parental rights.

DISCUSSION

I
Parents contend they were denied due process, because the juvenile court required an adequate offer of proof as a condition precedent to a contested hearing on the sibling exception. We conclude the request for an offer of proof was within the court's discretion.
"Of course a parent has a right to `due process' at the hearing under section 366.26 which results in the actual termination of parental rights. This requires, in particular circumstances, a `meaningful opportunity to cross-examine and controvert the contents of the [social worker's] report.' [Citations.] But due process is not synonymous with full-fledged cross-examination rights. [Citation.] Due process is a flexible concept which depends upon the circumstances and a balancing of various factors. [Citation.]" (In re Jeanette V. (1998) 68 Cal.App.4th 811, 816-817, 80 Cal.Rptr.2d 534.)
"Because due process is, as we noted in In re Jeanette V., supra, 68 Cal.App.4th 811, 80 Cal.Rptr.2d 534, a flexible concept dependent on the circumstances, the court can require an offer of proof to insure that before limited judicial and attorney resources are committed to a hearing on the issue, [the parent] ha[s] evidence of significant probative value. If due process does not permit a parent to introduce irrelevant evidence, due process does not require a court to hold a contested hearing if it is not convinced the parent will present relevant evidence on the issue he or she seeks to contest. The [juvenile] court can therefore exercise its power to request an offer of proof to clearly identify the contested issue(s) so it can determine whether a *77 parent's representation is sufficient to warrant a hearing involving presentation of evidence and confrontation and cross-examination of witnesses." (In re Tamika T., supra, 97 Cal.App.4th 1114, 1122, 118 Cal.Rptr.2d 873.)
The mother in In re Tamika T. relied on the strong parental relationship exception. (§ 366.26, subd. (c)(1)(A) [termination detrimental to child because parent maintained regular visitation and contact with child].) We know of no reason why our In re Tamika T. holding should not apply equally to the sibling exception. We therefore conclude that the juvenile court has discretion to require the parent(s) seeking a contested hearing on the sibling exception to make "an offer of proof to clearly identify the contested issue(s)" prior to determining whether a hearing is warranted. (97 Cal.App.4th at p. 1122, 118 Cal.Rptr.2d 873.)

II-III[**]

DISPOSITION
The order terminating parental rights is affirmed.
We concur: HASTINGS and CURRY, JJ.
NOTES
[*] Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts II and III.
[1] All further statutory references are to the Welfare and Institutions Code.
[**] See footnote *, ante.