74 Cal.Rptr.3d 378 (2008)
161 Cal.App.4th 664
In re A.G. et al., Persons Coming Under the Juvenile Court Law.
Kern County Department of Human Services, Plaintiff and Respondent,
v.
Jamie D., Defendant and Appellant.
No. F054172.
Court of Appeal of California, Fifth District.
March 28, 2008.
Michael B. McPartland, under appointment by the Court of Appeal, Indian Wells, for Defendant and Appellant.
B.C. Barman, Sr., County Counsel, and Susan M. Gill, Deputy County Counsel, for Plaintiff and Respondent.

OPINION
HARRIS, J.
Jamie D. appeals from September 2007 orders terminating her parental rights (Welf. & Inst.Code, § 366.26) to her daughters, A. and M.[1] Three months earlier, *379 the court found termination would not be detrimental to the children but calendared a further section 366.26 hearing because although they had a probability for adoption, there were no available adoptive homes (§ 366.26, subd. (c)(3)). Appellant contends the court violated her due process rights at the September hearing when it sustained objections to her presenting evidence supporting her claim that termination would be detrimental to the children in light of their parent/child relationship with her.
We hold once a court has made a no detriment finding pursuant to section 366.26, subdivision (3), neither California's dependency statutory scheme nor federal due process requires the court to revisit the issue at the further section 366.26 hearing unless circumstances had changed or new evidence emerged.
On review, we conclude the court did not err and will affirm.

PROCEDURAL AND FACTUAL HISTORY
In November 2005, the Kern County Superior Court adjudged seven-year-old A. and infant M. dependent children, removed them from parental custody, and ordered reunification services. The court previously determined the girls came within its jurisdiction under section 300, subdivision (b), primarily on account of appellant's involvement with and use of methamphetamine.
Appellant did not avail herself of reunification services and made minimal progress towards alleviating the causes for the children's out-of-home placement. Consequently, the court terminated services in June 2006 and set a section 366.26 hearing to select and implement a permanent plan for each child.
By late summer of 2006, appellant claimed advances in her drug treatment such that the court should vacate its section 366.26 hearing and either place her daughters with her or offer her further services. (§ 388.) She also allegedly shared a bond with the girls so that placement or further services would be in their best interests. The court set appellant's section 388 petition for hearing at the same time as the section 366.26 hearing.
Meanwhile, respondent Kern County Department of Human Services (department) prepared its adoption assessment of A. and M. The department's adoption specialist recommended the court find the girls were likely to be adopted and order parental rights terminated. Their maternal grandfather and his wife were interested in adopting the children. Because these relatives lived in San Diego County, placement with them would make appellant's current weekly visitation impossible.
It was under these circumstances that, in November 2006, the parties agreed to continue the matter for six months, accommodate the girls' placement with their San Diego relatives, and reduce appellant's visits, once the girls arrived in San Diego, to one day a month for eight hours. The court accepted the parties' stipulation and continued the section 366.26 hearing as well as the hearing on appellant's section 388 modification request.
Following their change in placement, the girls stabilized with no major difficulties to report. However, following the placement change, the quality of appellant's visits with her daughters diminished. Although the relatives brought the girls to Kern in order to visit appellant, she was repeatedly late. She also complained the visit was too long and boring. She further questioned *380 why the visits were so long and what she was supposed to do for eight hours. She did not seem to care if she visited, as she did not interact with the girls over the allotted eight hours. In addition, there was evidence appellant no longer maintained a drug-free life style.
By mid-May 2007, the San Diego relatives expressed their unwillingness to either adopt or otherwise provide a permanent home for A. and M. Instead, the relatives were ready to retire and felt overwhelmed at the prospect of parenting for the next 16 years.
The department's adoption specialist quickly located a prospective adoptive couple in neighboring Tulare County who was very interested in adopting both girls. The department decided to change the girls' placement in mid-June after. A.'s school year ended. As a consequence of these recent events, the department recommended the court: find termination would not be detrimental, identify adoption as the permanent placement goal for the girls, and set a further section 366.26 hearing in three months' time in order to further evaluate the appropriateness of their new prospective adoptive family.
The court considered the department's new recommendations at a June 4, 2007, hearing. At the start of the hearing, the court proposed first considering appellant's section 388 petition. Her trial counsel in turn asked the court to continue its hearing on her petition, as well as the section 366.26 hearing. The department's counsel objected and asked the court to deny appellant's petition based on the information contained in the department's various reports. Trial counsel for appellant offered to withdraw the petition and refile it later. She added:
"[I]f circumstances change I can file another new 388. I realize that there is an order or the recommendation of recommended orders that termination of parental rights would not be detrimental to the children .... But I don't see any reason to go forward on the 388's today if we are continuing the .26." (Emphasis added.)
The court responded:
"Well, we are not continuing the .26. They are asking me to make findings and orders today, [¶] ... [¶] Well, the recommended finding is to find that termination of parental rights would not be detrimental to the children. So I do believe that your 388 places that issue before the Court today." (Emphasis added.)
Appellant's trial counsel in turn announced she was withdrawing the section 388 petition and would file a new one before the next section 366.26 hearing date.
Moving on to the section 366.26 issues, the court asked each attorney his or her position. Appellant's trial counsel, in particular, objected to the recommended no detriment finding. She acknowledged, however, she had no evidence to present.
Upon submission, the court found: termination would not be detrimental to the girls who had a probability for adoption but were difficult to place and there were no prospective adoptive homes available. It also ordered the department to locate an adoptive home for the girls, modified appellant's visitation to every other week for two hours, and set a further section 366.26 hearing for September 2007.
Notably, the department served formal notice on appellant of the court's June 2007 findings and her right to appeal within 60 days of the court's ruling. Appellant did not appeal.
In advance of what would be the final section 366.26 hearing, the department *381 filed an updated social study report. According to it, the couple with whom the girls had been placed in June were highly motivated to adopt both of them. The department's preliminary adoption assessment of the couple was very favorable. The department's adoption specialist also recently met with the girls who were adjusting well to their new home. A., who appeared to grasp a basic concept of adoption, expressed a desire to continue living with the new prospective adoptive parents. Meanwhile, appellant had not initiated any visitation since the June hearing and had not drug-tested since then as well.
At the start of the September 2007 hearing, the department asked the court to follow its recommendations, most notably find the girls adoptable and terminate parental rights. County counsel on the department's behalf also asked the court to take judicial notice of its previous finding that termination would be not be detrimental to either of the girls. After appellant's trial counsel and the other attorneys submitted on the request, the court took judicial notice of those findings.
Nevertheless, appellant thereafter sought to testify in opposition to the court terminating her rights. According to her attorney, appellant wanted to testify that she maintained regular visitation and A. especially would benefit from continuing the parent/child relationship. County counsel objected, noting the court's previous finding that termination would not be detrimental and the fact that no new section 388 petition had been filed. Without a new section 388 petition to show some change of circumstances, county counsel argued, evidence regarding an exception to adoption was not properly before the court.
In response, appellant's trial counsel acknowledged there was no section 388 petition pending before the court. Although she had intended to file such a petition and discussed the issue with appellant more than once, there was "not a change that could be added to what's in the social studies."
To clarify the point, the court observed: "In other words, as an officer of the court, you are representing that you could not find sufficient evidence to support the filing of one in your performing your duties as a advocate for your client."
Counsel agreed, noting she would have to find a change of circumstances on which to base it. Appellant's trial counsel still asked the court to hear appellant out and allow "her child" to testify.
The children's attorney objected as well, arguing there had to be a change of circumstances in order to re-open the detriment issue. Appellant's trial counsel in turn submitted.
The court sustained the department's objection to appellant offering evidence on whether termination would be detrimental. There being no other evidence to introduce, the court heard argument and submitted the matter. The court found by clear and convincing evidence that the children were likely to be adopted and ordered termination of parental rights.

DISCUSSION
Appellant contends the trial court violated her federal due process rights (U.S. Const., 14th Amend.) when it sustained respondent's objection to her testifying at the September 2007 hearing. As she sees it, she had a due process right at the September hearing to present relevant evidence of significant value because it would be inappropriate for the court to terminate rights if it would be detrimental to the child. Therefore, appellant claims, the court erred by refusing to allow her to *382 present evidence regarding the beneficial relationship exception to adoption, spelled out in section 366.26, subdivision (c)(1)(A).[2]
In claiming a due process violation, appellant ignores the record of the June 2007 proceedings as well as her attorney's acknowledgement in September that circumstances had not since changed. Having reviewed that record, we conclude appellant received the fundamentally fair procedures to which she was constitutionally entitled. (Santosky v. Kramer (1982) 455 U.S. 745, 753-754, 102 S.Ct. 1388, 71 L.Ed.2d 599.)
To begin, we have no quarrel with appellant's description of her due process rights. At the termination phase, she was entitled to notice and the opportunity to be heard. (In re Carl R. (2005) 128 Cal.App.4th 1051, 1068, 27 Cal.Rptr.3d 612.) Her right to present evidence was only limited to presenting "relevant evidence of significant probative value to the issue before the court." (In re Jeanette V. (1998) 68 Cal. App.4th 811, 817, 80 Cal.Rptr.2d 534.)
The only issue before the trial court at the September 2007 hearing was whether it was likely the children would be adopted, something which appellant did not contest. Whether termination would be detrimental to the children was an issue which the court resolved at the June 2007 section 366.26 hearing. The record reveals appellant's due process rights were protected at that hearing. She received notice of the hearing as well as the department's recommendations to the court, including the recommended finding that termination would not be detrimental to the children. The court also afforded her and her attorney the opportunity to be heard on both the recommended finding as well as on her section 388 petition. However, through her attorney, appellant withdrew her section 388 petition and acknowledged that although she objected to the no-detriment finding, she had no evidence to present.
Not only did appellant have the opportunity to controvert the department's showing and present her own evidence in opposition to the no-detriment finding, she was also afforded notice of her right to appeal the June 2004 finding (see In re Edward H., Jr. et al. (1996) 43 Cal.App.4th 584, 590-591, 50 Cal.Rptr.2d 745). Notably, she did not exercise either these rights.
Appellant is no doubt correct when she claims it would be error for a court to terminate parental rights if it were detrimental to a dependent child. (§ 366.26, subds.(c)(1) [detriment grounds] & (h)(1) [the court shall act in the child's best interests].) However, in light of the court's no detriment finding in June 2007, the court was not required to revisit the issue at the further section 366.26 hearing unless circumstances had changed or new evidence emerged since then. (§§ 385, 388.) Here, appellant overlooks: (1) the absence of any new evidence regarding any potential detriment in the department's last report to the court; and (2) her attorney's clear statement at the further hearing that there were no changed circumstances to report. Thus, the court reasonably could conclude that the testimony appellant sought to introduce at the further section 366.26 hearing was not relevant evidence of significant probative value to the issue before the court. (In re Jeanette V., supra, 68 Cal.App.4th at p. 817, 80 Cal.Rptr.2d 534.)
Under these circumstances, we conclude the court did not violate appellant's due *383 process rights by sustaining respondent's objection to her testifying at the further section 366.26 hearing.

DISPOSITION
The orders terminating parental rights are affirmed.
WE CONCUR: VARTABEDIAN, Acting P.J., and LEVY, J.
NOTES
[1] All statutory references are to the Welfare and Institutions Code unless otherwise indicated.
[2] Since the superior court's decision in this case, section 366.26, subdivision (c) has been amended, effective January 1, 2008. We have conducted our review based on the version of the statute in effect at the time of the court's ruling.