Filed 11/15/13  In re G.R. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re G.R. et al., Persons Coming Under the Juvenile Court Law. | D063748 |
| SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY, Plaintiff and Respondent, v. GONZALO R. et al., Defendants and Appellants. | (Super. Ct. No. 518009A-C) |

APPEAL from an order of the Superior Court of San Diego County, Carol Isackson, Judge.  Affirmed.

Jamie A. Moran, under appointment by the Court of Appeal, for Defendant and Appellant Gonzalo R.

Monica Vogelmann, under appointment by the Court of Appeal, for Defendant and Appellant Linda D.

Thomas E. Montgomery, County Counsel, John E. Philips, Chief Deputy County Counsel, and Kristen M. Ojeil, Deputy County Counsel, for Plaintiff and Respondent.

Gonzalo R. and Linda D. appeal a juvenile court order terminating their parental rights to their minor son, G.R., under Welfare and Institutions Code[1] section 366.26. Gonzalo contends the court violated his due process rights to notice and an opportunity to be heard when it proceeded with the selection and implementation hearing in his absence. Linda joins in Gonzalo's argument.  We affirm the order.

FACTUAL AND PROCEDURAL BACKGROUND

In April 2011, three of Linda's children, including seven-year-old G.R.,[2] became dependents of the juvenile court under section 300, subdivision (b) and were removed from parental custody based on findings Linda abused prescription drugs, left the children with other people without making arrangements for their care, and failed to provide the children with necessities.  Linda admitted she could not care for her children and asked that they be removed from her custody.  Gonzalo had been incarcerated in Nevada since 2009.  The court placed the children in out of home care, ordered reunification services for Linda, and ordered no services for Gonzalo under section 361.5, subdivision (e) because he was going to remain incarcerated for the duration of the

---

[1]    Statutory references are to the Welfare and Institutions Code unless otherwise specified.

[2]    Gonzalo is the father of G.R. only.  The other children are not subjects of this appeal.

2

reunification period. After Gonzalo was transferred to a correctional facility that offered services, a case plan was filed for him.

Throughout the proceedings, Gonzalo was represented by counsel and appeared by telephone from prison. The court terminated Linda's services at the 12-month hearing. At the 18-month hearing, the court terminated Gonzalo's services and set a section 366.26 selection and implementation hearing. The court noted G.R.'s only contact with Gonzalo during the dependency case was one telephone call in December 2012, and some letters and photographs G.R. received from Gonzalo. The court found there was essentially no relationship between G.R. and Gonzalo. Gonzalo was personally served with notice of the selection and implementation hearing.

The social worker assessed the children as generally and specifically adoptable. They had been placed together with caregivers who wanted to adopt all of them. The social worker recommended the court terminate parental rights and order adoption as the children's permanent plans. Linda, who had been in and out of jail, had not regularly visited the children and said she was glad to know they were being well cared for. Gonzalo remained incarcerated in Nevada, and said he was happy to know G.R. was doing well with a family who loves him, and he understood why it was in G.R.'s best interests to live in a permanent and loving home.

The selection and implementation hearing was continued several times, and the court found notice had been properly given. Counsel for Gonzalo indicated he did not intend to call any witnesses. The court authorized Gonzalo to appear at the contested hearing by telephone or through counsel.

3

At the contested selection and implementation hearing, the court again found notice had been properly given. Gonzalo's attorney was present, and the court placed a telephone call to Gonzalo at his detention facility. When no one answered, the court left a voicemail message stating arrangements had been made for Gonzalo to appear telephonically and asking that Gonzalo return the call so that he could participate in the hearing. The court expressed its hope that Gonzalo would call in, and proceeded with the hearing. After considering the evidence and arguments of counsel, the court found the children were adoptable and none of the exceptions to adoption applied. The court terminated parental rights and referred the children for adoptive placement.

## DISCUSSION

Gonzalo contends the court violated his due process rights to notice and an opportunity to be heard by allowing the selection and implementation hearing to proceed in his absence. He asserts the court should have made more of an effort to contact him at his detention facility to ensure his participation in the hearing by telephone. Linda joins in this argument to the extent it benefits her.

### A

In juvenile dependency proceedings, a parent has a due process right to notice and an opportunity to be heard. (*In re Justice P*. (2004) 123 Cal.App.4th 181, 188.) Due process is a flexible concept that depends on the circumstances of the case and a balancing of various factors. (*In re Earl L*. (2004) 121 Cal.App.4th 1050, 1053.) For an incarcerated parent, this entails "meaningful access to the courts," and includes being represented by appointed counsel, receiving a copy of the social worker's report, having

4

an opportunity to call and cross-examine witnesses, and presenting his or her own testimony in written form.  (*In re Jesusa V.* (2004) 32 Cal.4th 588, 601; *In re Axsana S.* (2000) 78 Cal.App.4th 262, 269.)[3]  " 'In dependency cases, as in other civil cases, personal appearance by a party is not essential; appearance by an attorney is sufficient and equally effective.' "  (*In re Jesusa V.*, *supra*, 32 Cal.4th at p. 602, quoting *In re Axsana S.*, *supra*, 78 Cal.App.4th at p. 269.)  Thus, " 'the due process rights of a prisoner who has been prohibited from participating in a custody hearing are not violated where the prisoner was represented by counsel at the hearing and was neither denied an opportunity to present testimony in some form on his behalf nor denied the opportunity to cross-examine witnesses.' "  (*In re Jesusa V.*, *supra*, at p. 602.)  Moreover, there is no denial of due process when a prisoner-parent is unable to attend a hearing because he or she is in the custody of another state or the federal government and is instead represented by counsel.  (*Id.* at p. 626.)

B

Here, the record shows Gonzalo had notice of the selection and implementation hearing, and he does not argue otherwise.  Instead, he claims he was "treated in a

---

3      In *Jesusa V., supra,* 32 Cal.4th at pp. 624-625, the Supreme Court held an incarcerated father has a statutory right to be present at a jurisdiction and disposition hearing under Penal Code section 2625 absent a waiver.  The court disapproved the holding in *Axsana S., supra,* 78 Cal.App.4th 262, to the extent it held otherwise.  (*In re Jesusa V.* at p. 624, fn. 12.)  However, the court in *Jesusa V.* agreed with the *Axsana S.* court's holding that incarcerated parents have no " 'due process right to be present at dependency proceedings involving their children.' "  (*In re Jesusa V.*, *supra*, 32 Cal.4th at p. 602.)

fundamentally unfair manner" when the court proceeded without him. Gonzalo had arranged through his appointed counsel to participate in the hearing by telephone from his detention facility in Nevada, but for reasons unexplained in the record, he was unavailable at the time the court placed the call and for the duration of the hearing. Nevertheless, Gonzalo had the opportunity to participate through counsel, who adequately represented his interests regarding termination of his parental rights. The court's inability to reach Gonzalo by telephone did not deprive him of a meaningful opportunity to be heard, and there was nothing unfair about the manner in which the court proceeded.

C

In any event, an incarcerated parent must show any claimed violation of his right to be present at a dependency hearing resulted in prejudice. (*In re Iris R.* (2005) 131 Cal.App.4th 337, 343; *In re Jesusa V.*, *supra*, 32 Cal.4th at pp. 625-626 [harmless error analysis required in light of legislative imperative that dependency actions be resolved expeditiously].) Here, Gonzalo's counsel did not object to the admission of Agency's reports, cross-examine the social worker, or call any witnesses. Indeed, counsel submitted the matter on the record, noting Gonzalo's statements and "feelings about the situation" were contained in Agency's addendum report. In that report, Gonzalo said he was happy to hear G.R. was doing well with a family who loves him, and although "he will always care about and love his son, he understands why it is in [G.R.'s] best interest to reside in a permanent and loving home." The evidence showed Gonzalo had been incarcerated since before the dependency petition was filed. His only contact with G.R.

6

throughout the two years G.R. was a dependent was one telephone call and some letters and photos Gonzalo sent. G.R. was likely to be adopted and had no beneficial parent-child relationship with Gonzalo to preclude terminating parental rights. Gonzalo has provided no explanation of what he might have said or done to change the court's findings had he appeared by telephone at the selection and implementation hearing, and we can conceive of none. Thus, we conclude no other result was possible even if Gonzalo had participated in the hearing. (*In re Jesusa V.*, *supra*, 32 Cal.4th at p. 626; *D.E. v. Superior Court* (2003) 111 Cal.App.4th 502, 514 [even if juvenile court should have exercised its discretion to continue disposition hearing so incarcerated father could be present, any error was harmless].)

## DISPOSITION

The order is affirmed.

IRION, J.

WE CONCUR:

HALLER, Acting P. J.

AARON, J.

7