Filed 5/11/16  In re L.M. CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re L.M., a Person Coming Under the Juvenile Court Law. | H042693 & H042570 (Santa Clara County Super. Ct. No. 112-JD21049) |
| SANTA CLARA COUNTY DEPARTMENT OF FAMILY AND CHILDREN'S SERVICES,<br><br>        Plaintiff and Respondent,<br><br>            v.<br><br>A.M.,<br><br>        Defendant and Appellant. | |

A.M. is the mother of L.M., who is five years old.  This case consists of two consolidated appeals.  In each appeal, Mother asserts that the juvenile court erred in summarily denying her two Welfare and Institutions Code section 388[1] petitions to expand her visitation with L.M.

### STATEMENT OF THE FACTS AND CASE

L.M. has been the subject of two separate dependency cases.  The first occurred in February 2012, when L.M. was one-year old.   Mother was referred to the Santa Clara County Department of Family and Children's Services (Department) after she brought

---

[1]  All further statutory references are to the Welfare and Institutions Code.

L.M. to a drug dealer's house to use drugs. The Department's investigation revealed that Mother had a significant drug abuse history that involved cocaine, marijuana, methamphetamines and heroin. As of February 2012, there had already been 10 prior referrals to the Department regarding Mother. As a result of voluntary services offered by the Department, Mother had already participated in two inpatient drug treatment programs.

On March 7, 2012, L.M. was adjudged a dependent of the court and Mother was ordered to participate in family maintenance services that included substance abuse and mental health treatment as well as a domestic violence women's support group.

At the section 364 review hearing on June 12, 2013, the Department recommended that the case be dismissed. Mother had completed her case plan services. The court dismissed the dependency action, and awarded full legal and physical custody of L.M. to Mother.

The second dependency petition was filed on July 24, 2014, alleging that Mother had relapsed and was again using methamphetamines. The petition also alleged that there was domestic violence between Mother and her new husband, and that L.M. had been exposed to it.

On September 17, 2014, the court sustained the petition, and ordered family reunification services for both parents. Mother's plan included counseling, drug testing and substance abuse treatment. Mother was to have unsupervised visitation with L.M. a minimum of one day a week.

Mother relapsed and began using drugs prior to her October 7, 2014 visit with L.M. After a number of positive drug tests, the Department filed a section 388 petition to change Mother's visitation to supervised. The Department's report prepared in support of the section 388 petition stated that although L.M. enjoyed visits with her Mother, the visits left L.M. emotionally drained and exhausted.

2

On December 9, 2014, the court granted the Department's section 388 petition, ordering that Mother's visitation be supervised, and occur a minimum of two times a week. The court also gave the social worker discretion to increase the frequency of the visitation, and allow unsupervised and overnight visits.

Following the court's December 2014 order, Mother's visitation with L.M. was inconsistent. L.M. had emotional difficulty when her Mother would miss scheduled visits. In response to Mother's inconsistency and L.M.'s emotional stress, with the agreement the social worker changed the visitation to once a week for two hours. When visits with Mother were reduced, and L.M. was not subjected to missed visits and inconsistency, she was less anxious and emotionally stressed.

On June 16, 2015, Mother filed a section 388 petition seeking to increase her visitation with L.M. to a minimum of two times a week for two hours each visit, supervised or unsupervised. The petition alleged that the change in visitation would benefit L.M. because she would then have visitation with Mother for the same amount of time as she had with Father. The petition also included information that Mother was participating in her court-ordered treatment programs.

On June 26, 2015, the court summarily denied the petition on the ground that the petition did not make a prima facie showing that the requested change in the visitation schedule would benefit L.M. Mother filed a notice of appeal of this denial in H042570.

On July 15, 2015, Mother filed a second section 388 petition, requesting visitation a minimum of three times per week for two hours each visit, supervised or unsupervised. The petition stated that the change in circumstances was that Mother had now been clean and sober for four months and was continuing to pursue her case plan services. With regard to benefit to L.M. as a result of the requested change, the petition stated that increased visitation with Mother would be "better" for L.M. and would "promote[] the likelihood of reunification"

3

On July 27, 2015, the court held a hearing on Mother's section 388 petition, and considered whether Mother had made a prima facie showing such that she was entitled to a full evidentiary hearing. The court found that Mother made a prima facie showing of changed circumstances, but had not shown that the requested change in visitation would be in the best interests of L.M. The court noted that L.M.'s experience in the dependency system had been destabilizing and that visitation with Mother had been emotionally challenging for L.M. The court summarily denied the section 388 petition. Mother filed a notice of appeal of this denial in H042693.

## DISCUSSION

Mother argues on appeal that the juvenile court erred in summarily denying her section 388 petition.[2]

We review a juvenile court's denial of a section 388 petition for abuse of discretion. We "may not disturb the decision of the trial court unless that court has exceeded the limits of judicial discretion by making an arbitrary, capricious, or patently absurd determination. [Citation.]" (*In re E.S.* (2011) 196 Cal.App.4th 1329, 1335; *In re Daniel C.* (2006) 141 Cal.App.4th 1438, 1445.)

The legal principles applicable when a section 388 petition is denied without an evidentiary hearing were recently set out in *In re G.B.* (2014) 227 Cal.App.4th 1147. "Under section 388, a parent may petition to change or set aside a prior order 'upon grounds of change of circumstance or new evidence.' (§ 388, subd. (a)(1); see also Cal. Rules of Court, rule 5.570(a).) The juvenile court shall order a hearing where 'it appears

---

[2] The Department argued in its brief that the appeal should be dismissed. The Department asserted that because L.M. was currently residing with Mother full-time, any error by the court in summarily denying Mother's section 388 petition for a change in visitation was moot. Subsequent to the filing of the respondent's brief, however, the Department filed an erratum in this court asking to withdraw its mootness argument, stating that L.M. was no longer residing with Mother, and the issue of L.M.'s permanent placement is currently pending trial.

4

that the best interests of the child . . . may be promoted' . . . by the new order. (§ 388, subd. (d).) Thus, the parent must sufficiently allege *both* a change in circumstances or new evidence and the promotion of the child's best interests. [Citation.]" (*Id.* at p. 1157, original italics, fn. omitted.)

"A prima facie case is made if the allegations demonstrate that these two elements are supported by probable cause. [Citations.] It is not made, however, if the allegations would fail to sustain a favorable decision even if they were found to be true at a hearing. [Citations.] While the petition must be liberally construed in favor of its sufficiency [citations], the allegations must nonetheless describe specifically how the petition will advance the child's best interests. [Citations.]" (*In re G.B., supra*, 227 Cal.App.4th at p. 1157.) The summary denial of a petition under section 388 is only appropriate if the petition "fails to state a change of circumstance or new evidence that even *might* require a change of order . . . ." (*In re Angel B.* (2002) 97 Cal.App.4th 454, 461.)

It is more difficult to show that granting a section 388 petition is in the child's best interests when the changing circumstances come after reunification services have been terminated or have been denied, at which time the child's need for a permanent, stable home is paramount. (See *In re Jasmon O.* (1994) 8 Cal.4th 398, 420; *In re Casey D.* (1999) 70 Cal.App.4th 38, 48.)

The change of circumstance alleged in the section 388 petition was the fact that Mother was four months sober and continued to access her case plan services. In addition to reviewing Mother's change in circumstances, the court also considered the entirety of the case, including the fact that L.M. was in her second dependency. In particular, the court looked at the ongoing struggles and emotional difficulty L.M. had with Mother's inconsistency in visitation. Moreover, the court's prior order gave the social worker discretion to increase Mother's visitation in the instance that it was

5

beneficial to L.M.  The court did not abuse its discretion in finding that altering its prior order and increasing the minimum visitation for Mother was not in L.M.'s best interests.

Accordingly, the court acted well within its discretion in denying Mother's section 388 petition without holding an evidentiary hearing. The juvenile court properly found that while Mother made a prima facie showing that her circumstances had changed due to sustained sobriety, she did not make a sufficient showing that modification of the court's prior visitation order would promote L.M.'s best interests.  (See *In re C.J.W.* (2007) 157 Cal.App.4th 1075, 1081 [summary denial of § 388 petition was proper where there was no showing of how the children's best interests would be served by depriving them of a permanent stable home in exchange for an uncertain future].)

## DISPOSITION

The order that is the subject of the appeal in case number H042570 is affirmed.

The order that is the subject of the appeal in case number H042693 is affirmed.

6

_____

RUSHING, P.J.


WE CONCUR:


_____

MÁRQUEZ, J.


_____

GROVER, J.


*In re L.M.; D.F.C.S. v. A.M.*
**H042693 & H042570**